UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-4037-PA (KS)                                                              Date: May 5, 2020

Title      *Norice Patterson v. Josie Gastelo*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

|  Gay Roberson  |  N/A  |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:           Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On May 1, 2020, Petitioner, a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition").  (Dkt. No. 1.)  The Petition challenges the determination of the California Department of Corrections and Rehabilitation ("CDCR") and the California state courts that Petitioner is not eligible for parole consideration under Proposition 57.

According to Petitioner's prior filings in this Court, as well as the Third Level Appeal Decision attached to the Petition (Petition at 40-42),[1] a Los Angeles County Superior Court jury convicted Petitioner in 2004 of five counts of second degree robbery (California Penal Code ("Penal Code") § 211), and one count of being a felon in possession of a firearm (Penal Code § 12021(a)(1)), and found true various sentence enhancements for using a gun and having suffered a prior conviction or convictions (Penal Code §§ 12022.53, 1170.12, 667(a)).  (Petition at 40); *Norice Patterson v. Josie Gastelo*, No. CV 19-2221-PA (KS), Dkt. No. 1 ("2019 Petition") at 2, 14, 25 (Mar. 29, 2019).  Petitioner challenged his conviction in habeas petitions filed in 2008, 2017, and 2019 in this Court.  *See Norice Patterson v. Warden*, C.D. Cal. No. CV 08-6459-PA (RC), at Dkt. Nos. 1 ("2008 Petition"), 27 ("2009 Final Report and Recommendation"), 28 (2009 Order Adopting Report and Recommendations); *Norice D Patterson v. Randy Grounds*, C.D. Cal. No. CV 16-3274-PA (KS), at Dkt. Nos. 1 ("2016 Petition"), 28 ("2017 Order Dismissing Case"); *Norice Patterson v. Josie Gastelo*, No. CV 19-2221-PA (KS), Dkt. No. 1 ("2019 Petition"), 3 (2019 Order Dismissing Petition).

---

[1]    For ease of reference, the Court cites to the pages of the instant Petition and the 2019 Petition by using the page numbers assigned by the Court's electronic docketing system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-4037-PA (KS)                                                                 Date: May 5, 2020

Title      *Norice Patterson v. Josie Gastelo*

In the instant Petition, Petitioner asserts that he is entitled to consideration for parole under Proposition 57. (*See generally* Petition.) In 2016, California voters approved Proposition 57 which, in pertinent part, requires that "[a]ny person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense." CAL. CONST. Art. I, § 32(a)(1). The implementing regulations define a "violent felony" as "a crime or enhancement as defined in subdivision (c) of section 667.5 of the Penal Code." CAL. CODE REGS. tit. 15, § 3490 (2019). The crimes listed as "violent felonies" in subdivision (c) of section 667.5 include "any robbery," Cal. Penal Code § 667.5(c)(9), and "any violation of [Cal. Panel Code] Section 12022.53," *id.* at §667.5(c)(22). Accordingly, under the applicable California regulations, Petitioner, who was convicted of *both* robbery and a violation of Cal. Panel Code § 12022.53 is not eligible for parole consideration under Proposition 57.

The precise contours of Petitioner's argument for relief are unclear, but the Petition appears to suggest that, pursuant to various federal court cases applying the void for vagueness doctrine in other contexts (Petition at 11-12) (discussing *Sessions v. Dimaya*, 138 S. Ct. 1204 (2017) and *United States v. Dixon*, 805 F.3d 1193 (9th Cir. 2015)), the implementing regulations' definition of a "violent felony" is void for vagueness and/or Petitioner's robbery conviction does not satisfy the definition of a violent felony because other California statutes, namely Cal. Penal Code § 1192.7(c), which restricts the authority of prosecutors to engage in plea bargaining in certain types of criminal cases, characterize the offense of robbery as "serious," rather than "violent," felony. For the reasons stated herein, the Petition does not appear to state a cognizable claim for federal habeas relief, and Petitioner is ordered to show cause why the action should not be dismissed— albeit without prejudice to the filing of a civil rights claim presenting the same issue.

The crux of Petitioner's claim for relief, *i.e.*, that he is improperly being denied parole consideration, is not properly brought in a habeas petition and should instead be presented in a civil rights suit. "[W]hen a prisoner's claim would not necessarily spell speedier release, that claim does not lie at the core of habeas corpus and may be brought, if at all, under § 1983." *Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011) (citations and internal quotation marks omitted). Here, Petitioner is challenging his ineligibility for parole consideration under Proposition 57, but success on that claim would not necessarily imply the invalidity of the length of Petitioner's sentence such that he would be entitled to early release on parole. Rather, if he were to prevail on that claim, Petitioner at most would receive parole *consideration* under Proposition 57, but he still could be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-4037-PA (KS)                                                     Date: May 5, 2020

Title       *Norice Patterson v. Josie Gastelo*

found unsuitable for parole.  *See Neal v. Shimoda*, 131 F.3d 818, 824 (9th Cir. 1997) (holding that prisoners' claim they had been wrongfully classified as sex offenders for purposes of parole eligibility was properly brought under § 1983 because the only benefit from prevailing would be "a ticket to get in the door of the parole board"); *see also Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (holding that prisoners' challenges to parole eligibility rules were properly brought under § 1983 because success "at most will speed *consideration* of a new parole application") (emphasis in original); *Nettles v. Grounds,* 830 F.3d 922, 934-35 (9th Cir. 2016) (en banc) (holding that a prisoner's challenge to a disciplinary violation did not lie at the core of habeas corpus because his success in expunging the violation "would not necessarily lead to a grant of parole"); *see also Suarez v. Sherman*, No. CV 18-6605 JLS (SS), 2019 WL 994986, at *1 (C.D. Cal. Feb. 21, 2019) (recognizing that claims under Proposition 57 would fall under § 1983) (citing *Travers v. People of the State of California*, No. 17-cv-06126-SI, 2018 WL 707546, at *3 (N.D. Cal. Feb. 5, 2018)). Thus, if Petitioner wishes to pursue relief in federal court, "he must instead bring his claim under § 1983." *See Nettles*, 830 F.3d at 935.[2]

In light of the foregoing, **IT IS ORDERED that, no later than May 26, 2020**, Petitioner shall respond to this order with an explanation, not to exceed 10 pages, why this action should not be dismissed for failure to state a cognizable claim for habeas relief. In the alternative, Petitioner may file a signed document entitled Notice of Voluntary Dismissal and, if he so desires, file, simultaneously or subsequently, a civil rights complaint under 42 U.S.C. § 1983. However, Petitioner is also reminded that California regulations make a prisoner ineligible for parole consideration under Proposition 57 if they have a robbery conviction <u>or if they have been convicted of violating California Penal Code § 12022.53</u>.

\\
\\

---

[2]     In contrast, in California, a prisoner challenging his ineligibility for early parole consideration under Proposition 57 may do so in the California courts through a habeas petition. *See*, *e.g*., *McGhee*, 34 Cal. App. 5th at 914 (resolving the validity of Proposition 57 eligibility rules adopted by the Department of Corrections and Rehabilitation through a habeas corpus proceeding); *In re Gadlin*, 31 Cal. App. 5th 784, 790 (2019) (same); *In re Edwards*, 26 Cal. App. 5th 1181, 1192 (2018) (same). This difference is not incompatible with the decision here. "The function of habeas corpus in California differs somewhat from the function of the federal writ in this regard. In the federal system, habeas corpus proceedings are the mechanism whereby a prisoner can challenge the legality or duration of his or her confinement. Conditions of confinement, on the other hand, are more appropriate challenged by means of a civil rights action brought pursuant to [42 U.S.C. § 1983]." *In re Estevez*, 165 Cal. App. 4th 1145, 1461 and n.6 (2008) (considering an alleged Eighth Amendment violation arising from inadequate medical care as a state habeas claim).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-4037-PA (KS)                                              Date: May 5, 2020

Title         *Norice Patterson v. Josie Gastelo*

**Petitioner's failure to timely comply with this Order and show cause why the Petition should not be dismissed may result in a recommendation of dismissal for failure to prosecute and comply with court orders.**

**IT IS SO ORDERED**.

:

**Initials of Preparer**   gr