UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORICE PATTERSON,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>JOSIE GASTELO,<br><br>　　　　　Respondent. | NO.  CV 20-04037-PA (KS)<br><br>ORDER: ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE; DISMISSING PETITION; DENYING A CERTIFICATE OF APPEALABILITY |

**PRIOR PROCEEDINGS**

According to the California Court of Appeal, in August 2003, Norice Patterson ("Petitioner"), who is a California state prisoner proceeding *pro se* in this state habeas action, entered his victims' home, held a gun to the head of a 13-year-old girl, and demanded that her parents and her 12-year-old and 5-year-old siblings get on the floor and not move.[1] *People v.*

---

[1] Federal courts may take judicial notice of relevant state court records in federal habeas proceedings. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2001), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Williams v. Jacquez*, No. CV 09-2703 DSF (DTB). 2010 WL 1329585, at *2 (C.D. Cal. Feb. 22, 2010) (taking judicial notice in § 2254 habeas case of California state court appellate records); *see also Ewing v. Superior Court of California*, 90 F. Supp. 3d 1067, 1070 (S.D. Cal. 2015) (taking judicial notice, in a civil rights case, of documents filed in the plaintiff's state court criminal case, including the opinion of the Court of Appeal, because they are not subject to reasonable dispute

*Patterson*, No. B251202, 2014 Cal. App. Unpub. LEXIS 4510, at *4 (June 26, 2014). "[Petitioner] and an accomplice began demanding money. At one point, [Petitioner] pointed a gun at the father's leg and demanded money. The father said he had none, but offered his semiautomatic gun. After taking the gun and two cell phones, [Petitioner] and the accomplice left the family's home." *Id.* Based on these facts, in June 2004, a jury "found [Petitioner] guilty of five counts of home invasion robbery ([California Penal Code (hereinafter, "Penal Code")] § 211) and one count of possession of a firearm by a felon (§ 12021(a)(1))" and "also found true the allegation that as to the five robbery counts [Petitioner] personally used a firearm. (§ 12022.53(b))." *People v. Patterson*, 2014 Cal. App. Unpub. LEXIS 4510, at *1. Additionally, "[Petitioner] admitted the truth of the allegation that he had suffered one prior strike conviction pursuant to section 667 (a)(1) and the "Three Strikes" law. (§§ 1170.12(a)-(d), 667(b)-(i))." *Id.*

On appeal, the California Court of Appeal reduced Petitioner's aggregate sentence to 43 years in state prison. *People v. Patterson*, 2014 Cal. App. Unpub. LEXIS 4510, at 2. Several habeas petitions followed, including a 2008 petition filed in this Court. *See Norice Patterson v. Warden*, C.D. Cal. No. CV 08-6459-PA (RC), at Dkt. Nos. 1 ("2008 Petition"), 27 ("2009 Final Report and Recommendation"), 28 (2009 Order Adopting Report and Recommendations).

In July 2013, Patterson filed in the trial court a "Motion to Vacate the Judgment." *People v. Patterson*, 2014 Cal. App. Unpub. LEXIS 4510, at *2. The trial court declined to take any action, and Petitioner appealed. *Id.* The California Court of Appeal dismissed the appeal. *Id.*

---

and are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned pursuant to Rule 201(b)(2) of the Federal Rules of Evidence.

Petitioner then filed two more habeas petitions in this Court. *See Norice D Patterson v. Randy Grounds*, C.D. Cal. No. CV 16-3274-PA (KS), at Dkt. Nos. 1 ("2016 Petition"), 28 ("2017 Order Dismissing Case"); *Norice Patterson v. Josie Gastelo*, No. CV 19-2221-PA (KS), Dkt. No. 1 ("2019 Petition"), 3 (2019 Order Dismissing Petition). Finally, on May 1, 2020, Petitioner filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). (Dkt. No. 1.)

## THE PETITION

The Petition challenges the determination of the California Department of Corrections and Rehabilitation ("CDCR") and the California state courts that Petitioner is not eligible for parole consideration under Proposition 57.[2] Although the precise contours of Petitioner's argument for relief are unclear, the Petition appears to suggest that, pursuant to various federal court cases applying the void for vagueness doctrine in other contexts (Petition at 11-12) (discussing *Sessions v. Dimaya*, 138 S. Ct. 1204 (2017) and *United States v. Dixon*, 805 F.3d 1193 (9th Cir. 2015)), the definition of a "violent felony" in the Proposition 57 implementing regulations is void for vagueness and/or not satisfied by Petitioner's home invasion robbery convictions because other California criminal statutes, namely Penal Code § 1192.7(c),[3] use the term "serious" to characterize the offense of robbery.

\\
\\
\\
\\

---

[2] In 2016, California voters approved Proposition 57 which, in pertinent part, requires that "[a]ny person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense." CAL. CONST. Art. I, § 32(a)(1). The implementing regulations define a "violent felony" as "a crime or enhancement as defined in subdivision (c) of section 667.5 of the Penal Code." Cal. Code Regs. tit. 15, § 3490 (2019). The crimes listed as "violent felonies" in subdivision (c) of section 667.5 include "any robbery." Cal. Penal Code § 667.5(c)(9).

[3] California Penal Code § 1192.7(c) restricts the authority of prosecutors to engage in plea bargaining in certain types of criminal cases.

## PETITIONER'S FAILURE TO PROSECUTE

On May 5, 2020, the Court warned Petitioner that, because success on his claim would entitle him only to consideration for parole, and not necessarily release from custody, the Petition did not state a cognizable claim for *habeas* relief. (Dkt. No. 3.) The Court ordered Petitioner to show cause, no later than May 26, 2020, why the action should not be dismissed for failure to state a cognizable claim for habeas relief. (Dkt. No. 3.) In the same order, the Court invited Petitioner to present his claim concerning his eligibility for parole consideration in a separate civil rights complaint. (Dkt. No. 3.) On May 29, 2020, Petitioner filed a civil rights complaint, initiating a separate cause of action. *Norice Patterson v. Josie Gastelo*, 2:20-cv-04920-PA-KS (Dkt. No. 1). However, Petitioner did not also respond to the Court's May 5, 2020 Order to Show Cause in his original case.

On June 17, 2020, United States Magistrate Judge Karen L. Stevenson issued a Report and Recommendation in which she observed that Petitioner had not responded to the Court's May 5, 2020 Order to Show Cause and recommended dismissal based on Plaintiff's failure to prosecute. (Dkt. No. 5.) On July 9, 2020, Petitioner filed Objections to the June 17, 2020 Report and Recommendation. (Dkt. No. 6.) In his Objections, Petitioner states that, on May 26, 2020, he mailed a response to the Court's May 5, 2020 Order to Show Cause, and, therefore, this habeas case should not be dismissed for failure to prosecute. (Dkt. No. 6.) Petitioner attaches to his Objections a copy of the prison's outgoing mail log as evidence that he placed something in the mail on May 26, 2020. (Dkt. No. 6.) Indeed, the mail log shows that, on May 26, 2020, Petitioner placed a single item in the mail to the Los Angeles courthouse. (Dkt. No. 6.) Shortly thereafter, on May 29, 2020, the Court received a single item in the mail from Plaintiff: <u>the complaint commencing a civil rights action</u> on the same factual grounds and legal argument as the instant Petition. That newly initiated action was assigned case number *Norice Patterson v. Josie Gastelo*, 2:20-cv-04920-PA-KS. Accordingly, the prison mail log and the Court's internal dockets show that Petitioner

responded to the Court's May 5, 2020 Order to Show Cause by initiating a separate cause of action—but not by defending his filing of a state habeas petition in this case.  Therefore, the findings and conclusions in Judge Stevenson's Report and Recommendation in this case are correct, and the action may properly be dismissed for failure to prosecute.  **This dismissal will have no effect on Plaintiff's related civil rights case that is currently pending.**

## THE PETITION DOES NOT STATE A COGNIZABLE CLAIM

Because the Court accepts the Magistrate Judge's conclusion that the action should be dismissed for failure to prosecute, the Court need not also address the arguments in Petitioner's Objections that, according to Petitioner, support maintaining this habeas action in addition to the civil rights case.  However, in the interests of justice, the Court has reviewed Petitioner's arguments.  Specifically, Petitioner asserts that he was charged and prosecuted within the meaning of two conflicting statutes:  California Penal Code §§ 1192.7(c) and 667.5(c).  (Objections at 2.)  This assertion is inconsistent the California Court of Appeal's description of Petitioner's underlying conviction, which states that Petitioner was found to have: committed five counts of home invasion robbery in violation of Penal Code § 211; committed one count of possession of a firearm by a felon in violation of Penal Code § 12021(a)(1); personally used a firearm in the commission of the offense pursuant to Penal Code § 12022.53(b); and suffered one prior strike conviction pursuant to the "Three Strikes" law (Penal Code §§ 1170.12(a)-(d), 667(b)-(i)).

Nevertheless, Petitioner observes that he was convicted of robbery and, whereas Penal Code § 1192.7(c) includes robbery in a list of crimes defined as "serious," Penal Code § 667.5(c) includes robbery in a list of crimes it defines as "violent."  (Objections at 2.) Petitioner asserts that, given this discrepancy, the CDCR violated his constitutional rights by finding that Petitioner's convictions for robbery constitute "violent" crimes under Penal Code

§ 667.5(c), thereby barring him from consideration for parole under Proposition 57.[4] (Objections at 2-4.) Petitioner asks the Court to apply the "Rule of Lenity" and find that his convictions for robbery (with the firearm enhancement) are, in fact, only "serious" crimes under Penal Code § 1192.7(c), which, he contends, would make him eligible for parole consideration under Propositions 57. (Objections at 3, 4.)

Even if the Court assumes *arguendo* that Petitioner is correct and his multiple robbery convictions involving the use of a firearm are not "violent" felonies that bar parole consideration, Petitioner's claims are still not cognizable in this habeas action. At best, Petitioner's success in this case would result in *consideration* under Proposition 57 for earlier release; it would not necessarily result in his actual release from custody. *See Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011) ("[W]hen a prisoner's claim would not necessarily spell speedier release, that claim does not lie at the core of habeas corpus and may be brought, if at all, under § 1983.") (citations and internal quotation marks omitted). Accordingly, Petitioner's arguments regarding the classification of his underlying conviction as a "violent" offense, thereby barring his eligibility for parole consideration under Proposition 57, are properly brought in his recently initiated civil rights action but do not present a cognizable claim for habeas relief. *See Neal v. Shimoda*, 131 F.3d 818, 824 (9th Cir. 1997) (holding that prisoners' claim they had been wrongfully classified as sex offenders for purposes of parole eligibility was properly brought under § 1983 because the only benefit from prevailing would be "a ticket to get in the door of the parole board"); *see also Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (holding that prisoners' challenges to parole eligibility rules were properly brought under § 1983 because success "at most will speed *consideration* of a new parole application") (emphasis in original); *see also Suarez v. Sherman*, No. CV 18-6605 JLS (SS), 2019 WL 994986, at *1 (C.D. Cal. Feb. 21, 2019) (recognizing that claims under Proposition 57 would

---

[4] In order for a person to be eligible for parole consideration under Proposition 57, that person must not have committed a "violent felony" which the Proposition 57 implementing regulations define as "a crime or enhancement as defined in subdivision (c) of section 667.5 of the Penal Code." Cal. Code Regs. tit. 15, § 3490 (2019). The crimes listed as "violent felonies" in subdivision (c) of section 667.5 include "any robbery." Cal. Penal Code § 667.5(c)(9).

fall under § 1983) (citing *Travers v. People of the State of California*, No. 17-cv-06126-SI, 2018 WL 707546, at *3 (N.D. Cal. Feb. 5, 2018)).

For the foregoing reasons, the Court, having conducted a *de novo* review of those portions of the Report to which objections have been stated, accepts the findings and recommendations set forth in the Report and it is ORDERED that the Petition is DISMISSED WITHOUT PREJUDICE.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253 (c) (2); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Court concludes that a certificate of appealability is unwarranted and, thus, a certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 14, 2020

_____
PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

Presented by:

_____
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE